```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION


SMITH COMMUNICATIONS, LLC
an Arkansas limited liability company          PLAINTIFF


         v.            Civil No.  13-5152

WASHINGTON COUNTY, ARKANSAS                    DEFENDANT


GARY and CATHY SCOTT
JERRY and KATHY CAUDLE
MIKE and JESSICA ANDERSON                      INTERVENORS
```

## MEMORANDUM OPINION AND ORDER

The plaintiff, Smith Communications, LLC ("Smith") has asserted a claim under the Federal Telecommunications Act based on the denial by defendant, Washington County, Arkansas ("Washington County"), of a conditional use permit to build and operate a personal wireless communications facility (referred to as the "East Prairie Grove Tower Site").

Pursuant to 47 U.S.C. § 332(c)(7)(B)(v), this claim is to be reviewed on the written record and pursuant to the Court's directive, the parties submitted a stipulated written record and briefs concerning it.  Id. § 332(c)(7)(B)(iii).

The stipulated written record filed on September 30, 2013, and, following its review of the same, the Court entered an Order of March 31, 2014, remanding this matter to Washington County with

directions that, consistent with the requirements of the TCA, it provide a written denial of the claim within thirty (30) days thereafter.

The written denial has now been filed as an addendum to the stipulated record and both plaintiff and Washington County have filed briefs addressing the addendum. In this order, the Court will address the remaining issues presented by the plaintiff's motion for relief under the Federal Telecommunications Act, including the substantial evidence requirement of the Act.

### BACKGROUND

Although recited in this Court's previous order of March 31, 2014, it will be useful to reiterate the following background information concerning this matter:

1. The plaintiff in this action is Smith Communications, LLC (hereinafter "Smith"). The defendant is Washington County, Arkansas.

Gary and Cathy Scott, Jerry and Kathy Caudle, and Mike and Jessica Anderson are intervenors in this matter -- the proposed location of the wireless facility is near their residences.

2. Smith is an entity which installs and maintains wireless communications facilities -- commonly referred to as "cellular towers" or "personal wireless facilities."

Smith leases a portion of real property for the purpose of building and operating a wireless communications facility (the

"East Prairie Grove Tower Site") from Storms Agri-Enterprises, Inc., which owns the tract of real property containing the leased premises and operates a farm thereon. The property is located at 11183 Storms Road in Washington County, Arkansas.

3. Smith brought this action following the denial of its application for a conditional use permit by the Quorum Court of Washington County, Arkansas and asserts in its complaint certain violations of the Federal Telecommunications Act of 1996 (hereinafter the "FTA").

4. On or about January 25, 2013, a representative for Smith filed an Application for Administrative Approval of Tower for the construction of an approximately 300 foot high personal wireless communications facility at the East Prairie Grove Tower Site. See Stipulated Record (hereinafter "Record" Doc. Nos. 1-5).

5. The Washington County Code (the "Tower Code") sets forth the requirements and process for applicants seeking to construct a wireless communications facility in Washington County, Arkansas. Article VIII of the Tower Code governs Placement, Construction and Maintenance of Antenna Arrays and Communications Towers.

6. On February 6, 2013, -- allegedly at the direction of Washington County -- Smith applied for a conditional use permit ("CUP") to construct and operate the wireless communications facility.

In Washington County, an application for a conditional use

permit is governed by the Washington County Code (the "Zoning Code") -- specifically by Sec. 11-191.1(b) -- and is to be evaluated utilizing the criteria set forth in Sec. 11.200 of the Zoning Code. Sec. 11.200 provides:

    (a) The Board shall hear and decide requests for a conditional use and may authorize such if it finds:

        (1) That a written application has been filed with the Planning Office and the appropriate fee has been paid.

        (2) That the applicant has provided proof that each property owner as set out in section 11-204 has been notified by return receipt mail.

        (3) That adequate utilities, roads, drainage and other public services are available and adequate or will be made available and adequate if the use is granted.

        (4) That the proposed use is compatible with the surrounding area.

        (5) That the establishment, maintenance, or operation of the conditional use will not be detrimental to or endanger the public health, safety, morals, comfort or general welfare.

        (6) That the conditional use will not be injurious to the use and enjoyment of other property in the surrounding area for the purposes already permitted, nor substantially diminish and impair property values within the surrounding area.

        (7) That the establishment of the conditional use will not impede the normal and orderly development and improvement of the surrounding area for uses permitted in the zone.

    (b) If it is determined that there exist conditions that could be imposed by the Board that would significantly lessen the impact of the aforestated, then the Board has the power to impose said conditions which shall be specifically set forth.

    7. The Washington County planning staff reviewed Smith's application and issued a report recommending that the Washington

County Planning Board approve it. Rec. Docs. 11-66.

On or about March 7, 2013, the Planning Board unanimously approved the CUP application submitted by Smith by a vote of 5 to 0. Rec. Docs. 10, 69, 149-151.

8. Between March 21, 2013 and April 8, 2013, members of the public filed "appeals" of the Planning Board approval of the CUP application to the Washington County Quorum Court (the "Quorum Court"). Rec. Docs. Nos. 178-192.

The twelve appellants of the Planning Board decision completed appeal forms which set forth their reasons for the appeal (Rec. Nos. 178-192) and legal counsel for some of the appellants sent a letter to the Quorum Court dated April 15, 2013 (Rec. Docs. 255-256) and June 17, 2013 (Rec. Docs. 242-246).

9. In preparation for consideration of the appeals, the planning staff issued a Synopsis of Cell Tower Considerations (Rec. Docs. 67-68), a staff report for the Quorum Court dated for the June 4, 2013 meeting (Rec. Docs. 69-176) and a document called the East Prairie Grove Tower Site CUP (Rec. Docs. 229-232).

10. The planning staff again recommended that the Quorum Court approve the CUP application. Rec. Doc. 70. The planning staff reported to the Quorum Court that the proposed tower:

* met and exceeded the required setback distances (Rec. Docs. 71, 74);

* met all applicable federal and state requirements (Rec.

Doc. 67 and 71);

\*  is not located in a FEMA floodplain area (Rec. Doc. 51, 248, 230);

\*  complies with the relevant CUP Application criteria outlined in Washington County Code 11-200 (Rec. Doc. 248);

\*  will provide better cellular coverage in the area of the proposed tower site (Rec. Doc. 71-72, 229); and

\*  has no adverse impacts on sites of Native American significance (Rec. Doc. 59-60).

11.  The planning staff further reported that:

\* fire safety concerns have been addressed by the Washington County Fire Marshall and conditions have been placed on the approval of the project to address such concerns (Rec. Docs. 13, 72);

\*  the Washington County Emergency Services Director expressed support for more towers in rural Washington County because 85% of 911 calls are placed from cell phones and better coverage helps first responders (Rec. Docs. 63, 12-13, 67-68 and 229); and that

\*  a certified land appraiser stated that the cell tower will not negatively affect property values of adjacent properties (Rec. Docs. 49, 72) and that aesthetic concerns had been minimized by using a thin 36-inch guyed-lattice type tower.  Rec. Docs. 75-77.

12. The planning staff also presented an overview of their analysis of the CUP application and the staff recommendation for approval of the CUP Application at the June 4, 2013 Special Meeting of the Washington County Quorum Court (Rec. Docs. 335-344) and at the June 24, 2013 Special Meeting of the Washington County Quorum Court.  Rec. Nos. 291-297.

13. On June 4, 2013 -- and later on June 24, 2013, the Quorum Court heard the appeals.  On June 24, 2013, the Quorum Court voted to reject Smith's application with three members voting in favor of it; ten members voting against it; and with one member being absent and not voting.  Rec. Doc. 322.

14. On June 28, 2013, a Washington County planner sent an email to Smith containing the letter of denial for the CUP application.  Rec. Doc. 288.  The letter states in full:

> "This letter is your official notification that the Conditional Use Permit application for the development known as the East Prairie Grove Tower Site CUP was denied by the Washington County Quorum Court on June 24, 2013." Rec. Doc. 288.

15. The Washington County staff sent another email to Smith later on June 28, 2013, stating that:

> "[t]he minutes and video of the first and last Quorum Court meetings will act as the County's written reason for denial." Rec. Doc. 288.

**THE ADDENDUM**

16. On April 18, 2014, Washington County filed an Addendum to Stipulated Record which includes Resolution No. 2014-04 of the Quorum Court of Washington County, Arkansas, with Exhibit A to the resolution being the "separate statement setting out the reasons" for the denial of the Conditional Use Permit submitted by Smith.

17. According to the written statement, the Conditional Use Permit was denied:

> due to the specific characteristics of the site at issue, after hearing evidence and testimony at two hearings (an inspection of the site and surrounding property was also made).
>
> The evidence showed, and the Quorum Court found, that this was a rural area of mixed agricultural and residential use and that the appellants had an exceptional view that would be significantly impacted by the proposed tower which was sited quite close to the property line of many of the surrounding properties; despite the conditions that had been attached to it by Planning staff.  (footnotes omitted)
>
> Thus the Quorum Court found, in addition to other findings as stated below, that the proposed tower was incompatible with the surrounding area.
>
> Washington County Code 11-200 states:

Sec. 11-200. Criteria for allowance of conditional uses.

(a) The Board shall hear and decide requests for a conditional use and may authorize such if it finds:

(1) That a written application has been filed with the Planning Office and the appropriate fee has been paid.

(2) That the applicant has provided proof that each property owner as set out in section 11-204 has been notified by return receipt mail.

(3) That adequate utilities, roads, drainage and other public services are available and adequate or will be made available and adequate if the use is granted.

(4) That the proposed use is compatible with the surrounding area.

(5) That the establishment, maintenance, or operation of the conditional use will not be detrimental to or endanger the public health, safety, morals, comfort or general welfare.

(6) That the conditional use will not be injurious to the use and enjoyment of other property in the surrounding area for the purposes already permitted, nor substantially diminish and impair property values within the surrounding area.

(7) That the establishment of the conditional use will not impede the normal and orderly development and improvement of the surrounding area for uses permitted in the zone.

(b) If it is determined that there exist conditions that could be imposed by the Board that would significantly lessen the impact of the aforestated, then the Board has the power to impose said conditions which shall be specifically set forth.

When casting her vote, Justice of the Peace Eva Madison cited subparagraphs 4, 5, and 6 and stated

specifically that she felt that this was an enjoyment of life issue and that the tower was not compatible with the surrounding use and that the proposed tower was not harmonious with the comfort and welfare of the residents.

Justice of the Peace Candy Clark added that the appellants had a "drop dead gorgeous" view resting her vote on subparagraphs 4, 5 and 6.

Justice of the Peace Rick Cochran, in voting to deny the Conditional Use Permit, stated that he was relying on subparagraphs 4 and 6 further noting that this was a compatibility and enjoyment of property issue. He further stated that he would not buy any of the property with a tower being so close.

Following the above stated votes and remarks the remaining Justices of the Peace who voted against the issuance of the permit, Rex Bailey, Mary Ann Spears, John Firmin, Ann Harbison, Joe Patterson, Jimmy Mardis, and Bill Ussery cited subparagraphs 4 and/or 6 in casting their votes. (Footnotes omitted)

**DISCUSSION**

18. The Telecommunications Act of 1996 (hereinafter "the TCA"), under which the jurisdiction of this Court is invoked, was intended by Congress to foster competition among

telecommunications providers, to improve the quality of their services, and "to encourage the rollout of new technologies without delay." USCOC of Greater Iowa, Inc. v. Zoning Bd. of Adjustment of Des Moines, 465 F.3d 817, 820 (8th Cir. 2006) (citing City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 115 (2005)). "One of the means by which [Congress] sought to accomplish these goals was reduction of the impediments imposed by local governments upon the installation of facilities for wireless communications, such as antenna towers." Abrams, 544 U.S. at 115.

However, in the TCA, Congress specifically preserved the authority of local zoning boards "over decisions regarding the placement, construction, and modification of personal wireless service facilities," subject to some limitations. 47 U.S.C. § 332(c)(7)(A). Among these limitations is a requirement that a decision like the one at issue here -- denying permission to construct a cellular tower -- "be in writing and supported by substantial evidence contained in a written record." Id. § 332(c)(7)(B)(iii). The TCA gives federal courts jurisdiction to review such decisions. Id. § 332(c)(7)(B)(v).

19. Smith argues that Washington County's denial of the CUP did not satisfy the writing requirement of the TCA and was not supported by substantial evidence contained in the written record. These contentions will be taken up separately.

**WRITING REQUIREMENT**

20. The Eighth Circuit has not directly addressed the "in writing" requirement of the TCA.[1] However, as stated in its previous order, this Court will follow the view of the majority of the Circuits to address the "in writing" requirement who have stated that a "'written denial must contain a sufficient explanation of the reasons for the permit denial,' although it need not set forth 'formal findings of fact and conclusions of law.'" Sprint Spectrum, L.P. v. Platte County, Missouri, 578 F.3d 727, 732 (8th Cir. 2009)(quoting Sw. Bell Mobile Sys., Inc. v. Todd, 244 F.3d 51, 59-60 (1st Cir. 2001))(also citing MetroPCS, Inc. v. City & County of San Francisco, 400 F.3d 715, 722 (9th Cir. 2005); New Par v. City of Saginaw, 301 F.3d 390, 395-96 (6th Cir. 2002)).

The majority view holds that decisions by local boards "must (1) be separate from the written record; (2) describe the reasons for the denial; and (3) contain a sufficient explanation of the reasons for the denial to allow a reviewing court to evaluate the evidence in the record that supports those reasons." New Par, 301 F.3d at 395-96. Further, courts following the majority view

---

[1] Although Sprint Spectrum, L.P. v. Platte County, Missouri, 578 F.3d 727 (8th Cir. 2009) applies the majority view on the issue of the "in writing" requirement, it did so because the parties agreed the majority view was the correct approach. In applying the majority view, the decision specifically states "we will assume, without deciding, that they are correct." Id. at 732.

"conclude that something more than a bare written statement of denial is necessary, because the judicial review contemplated by the TCA is frustrated if a reviewing court has no means to ascertain the rationale behind the decision of a local zoning board." Sprint, 578 at 731-32.[2]  *See also* USOC of Greater Iowa, Inc. V. City of Bellevue, Nebraska, 279 F.Supp. 2d 1080, 1084 (D.Neb. 2003); Sprint Spectrum L.P. v. County of St. Charles, Mo., 2005 WL 1661496 (E.D. Mo. 2005).

As noted above, a Washington County planner sent an email to Smith on June 28, 2012, containing the letter of denial for the CUP application. Rec. Doc. 288.  The letter states in full: "This letter is your official notification that the Conditional Use Permit application for the development known as the East Prairie Grove Tower Site CUP was denied by the Washington County Quorum Court on June 24, 2013." Rec. Doc. 288.

Washington County staff sent another email later on June 28, 2013, stating that "[t]he minutes and video of the first and last Quorum Court meetings will act as the County's written reason for denial." Rec. Doc. 288.

These two emailed letters state *no* reasons, *separate from the*

---

[2]By contrast, courts in the Fourth and Eleventh Circuits have followed a much less restrictive interpretation of the "in writing" requirement.  *See* T-Mobile South, LLC v. City of Milton, Ga., 728 F.3d 1274 (11th Cir. 2013); T-Mobile South, LLC v. City of Roswell, Ga., 731 F.3d 1213 (11th Cir. 2013); AT&T Wireless PCS, Inc. v. City Council, 155 F.3d 423 (4th Cir. 1998).

*written record*, for the denial of the CUP. For this reason, the Court previously found that the "in writing" requirement of the TCA was *not* satisfied by the emailed letters and remanded the matter to Washington County for a written denial, consistent with the requirements of the TCA. As also previously noted, a written denial has now been filed as an addendum to the stipulated record and both Smith and Washington County have filed briefs addressing the contents of the addendum.

(a) The Court will first address plaintiff's argument, presented in its brief in response to the addendum, that the addendum should not be considered and that this Court should, instead, order injunctive relief due to the violation of the "in writing" requirement. The Court has already rejected that notion by previously ordering that the "in writing" requirement be satisfied.

As other courts have found, this Court believes the appropriate remedy for such a violation "may not always be an injunction, but may sometimes be a remand, depending on the nature of the board's decisions and the circumstances of the case." National Tower, LLC v. Plainville Zoning Bd. of Appeals, 297 F.3d 14, 22 (1st Cir. 2002). *See also* USOC of Greater Iowa, v. City of Bellevue, Nebraska, 279 F.Supp. 2d 1080, 1088 (D.Neb. 2003)(citation omitted) ("[R]emand may be appropriate in cases where the record reflects that the decision maker had a legitimate

concern that was either not addressed or was not adequately addressed.") -- as cited in USCOC of Greater Missouri v. county of Franklin, Missouri (575 F.Supp. 2d, 1096, 1102). Here, legitimate concerns are reflected in the Quorum Court minutes. While those minutes do not meet the "in writing" requirement of the TCA, it was appropriate to remand so the Court can understand and review those concerns. Accordingly, the argument is rejected and the Court will consider the materials presented in the addendum.

(b) As set forth above, the addendum includes a written statement by the Quorum Court that states, in part, that the Conditional Use Permit was denied "due to the specific characteristics of the site at issue . . . . The evidence showed, and the Quorum Court found, that this was a rural area of mixed agricultural and residential use and that the appellants had an exceptional view that would be significantly impacted by the proposed tower . . . . [and] in addition to other findings . . . that the proposed tower was incompatible with the surrounding area."

A written decision must only "(1) be separate from the written record; (2) describe the reasons for the denial; and (3) contain a sufficient explanation of the reasons for the denial to allow a reviewing court to evaluate the evidence in the record that supports those reasons." New Par, 301 F.3d at 395-96. The Court finds the written decision contained in the addendum in

compliance with the TCA.

## SUBSTANTIAL EVIDENCE

21. The Court must next address whether the Quorum Court's decision is supported by substantial evidence as required by the TCA.

The Eighth Circuit has interpreted Section 332's substantial evidence standard in accordance with the traditional standard employed by federal courts in reviewing a federal agency action. See USCOC of Greater Iowa, 465 F.3d at 821. Under this traditional standard of review:

> '[W]e cannot substitute our determination for that of the administrative fact-finder just because we believe that the fact-finder is clearly wrong....' If the Board's findings are 'supported by some substantial level of evidence' (but less than a preponderance) on the record as a whole ('[c]ontrary evidence may not simply be ignored on review') so that a reasonable fact-finder could reach the same conclusion as did the Board, the Board's decision must be affirmed.... We will not reject the Board's decision as unsupported by substantial evidence because there exists 'the possibility of drawing two inconsistent conclusions from the evidence.'

Id. at 821-22 (internal quotations and citations omitted).

The plaintiff argues that the reasons set forth by the Quorum Court are generalized aesthetic concerns (NIMBY objections) which are not sufficient to establish substantial evidence. However, aesthetic concerns *can* be a valid basis on which to deny a permit as long as the aesthetic reasons are "grounded in the specifics of the case" and are not based on "generalized aesthetic concerns

-16-

. . . that are applicable to any tower regardless of location." Sprint Spectrum, L.P. v. Platte County, 578 F.3d 727, 733 (8th Cir. 2009). Further, "[t]he TCA's 'substantial evidence' requirement is 'directed at whether the local zoning authority's decision is consistent with the applicable local zoning requirements.'" Sprint Spectrum, 578 F.3d at 733 (quoting VoiceStream Minneapolic, Inc. v. St. Croix County, 342 F.3d 818, 830 (7th Cir. 2003)).

Among other things, the Washington County Zoning Code requires a finding "(4) That the proposed use is compatible with the surrounding area" and "(6) That the conditional use will not be injurious to the use and enjoyment of other property in the surrounding area for the purposes already permitted, nor substantially diminish and impair property values within the surrounding area."

The Washington County Quorum Court specifically found that the property at issue was not compatible with a wireless communications facility and that the allowance of such a facility would be injurious to the use and enjoyment of the property in the surrounding area. Those findings appear to be supported by those voting against the application who either stated, or adopted, reasons tied to requirements 4 and 6 of Section 11-200: that the proposed tower would not be compatible with the surrounding uses of property; that it would not be harmonious with the comfort and welfare of the residents; that the tower would negatively affect

-17-

the views enjoyed by people on property nearby; and a belief that persons would not buy any of the properties nearby with the tower in place.

Employing the traditional standard to be used for judicial review of agency determinations, the Court cannot substitute its determination for that of the administrative fact-finder just because it might believe that the fact-finder is, or might be, wrong.  Instead, if those findings are supported by some substantial level of evidence (but less than a preponderance) on the record as a whole, so that a reasonable fact-finder could reach the same conclusion, the Court must affirm them.  Here, keeping in mind that the foregoing standard is "essentially deferential" (See Sprint, 578 F.3d 727, 734 -- citing MetrolPCS, 400 F.3d at 725), the Court concludes that Washington County had before it substantial evidence on the record as a whole that the tower's preeminence on the landscape; its proximity to residences; its dominance of the views available to occupiers of adjacent properties; and the effects of its presence on the values and aesthetics of nearby properties made approval inappropriate in view of the considerations outlined in Section 11-200 -- particularly considerations 4 and 6.

For the foregoing reasons, this Court finds that the decision of the Washington County Quorum Court was based on substantial evidence and that Smith's motion for relief under the TCA

**(document #36)** should be, and hereby is, **DENIED**.

IT IS SO ORDERED this 2nd day of June, 2014.


                                    /S/JIMM LARRY HENDREN
                                    JIMM LARRY HENDREN
                                    UNITED STATES DISTRICT JUDGE